**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS POUNCY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 15-cv-1840 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, DETECTIVE TIMOTHY | ) | |
| J. O'BRIEN, Star # 20143, and Patrick Ford, | ) | |
| Star No. 21029, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## THIRD AMENDED COMPLAINT

NOW COMES the Plaintiff, DEMETRIUS POUNCY, JR., by and through one of his attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); and the Constitution of the United States.

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Demetrius Pouncy, Jr. is a United States citizen who resides in Illinois.

1

5. Defendant Patrick Ford, Star No. 21029 (hereinafter referred to as "Defendant Ford") is a present or former employee of City of Chicago. Defendant Ford engaged in the conduct complained of while on-duty, in the course and scope of his employment and under color of law. Defendant Ford is sued in his individual capacity.

6. Defendant Detective Timothy J. O'Brien, Star # 20143, (hereinafter referred to as "Defendant O'Brien"), is a present or former employee of the City of Chicago. Defendant O'Brien engaged in the conduct complained of while on duty, in the course and scope of his employment and under color of law. Defendant O'Brien is sued in his individual capacity.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers and Defendant O'Brien. At all times relevant hereto, Defendants Unknown Officer and O'Brien were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

8. On August 26, 2013, Plaintiff was taken into custody by two Chicago police officers.

9. On the afternoon of August 27, 2013, Plaintiff was picked up from the police station at 71st and Cottage Grove in Chicago by Defendant O'Brien, the lead detective on Plaintiff's case, who transported Plaintiff to the 111th and Ellis station.

10. Once there, Plaintiff was placed in a line-up with four other young men.

11. Detective O'Brien and Defendant Ford had a brief conversation in the room where the line-up had just occurred.

12. After Plaintiff was picked out of the lineup, Defendant Ford told Plaintiff to participate in another lineup.

13. After a brief exchange of words, Defendant Ford instructed Plaintiff to go stand in the corner and put his hands behind his back.

14. Defendant Ford walked up to Plaintiff and put his right arm in a cuff.

15. Defendant Ford put Plaintiff's left arm into the other cuff.

16. Defendant Ford then grabbed Plaintiff by the back of his neck and slammed Plaintiff's head and face into the wall one or two times.

17. Plaintiff did not threaten, hit or provoke any individual on August 27, 2013.

18. Defendant Ford ignored Plaintiff's request for medical attention.

19. Defendant Ford rushed Plaintiff into another room and locked Plaintiff in.

20. Plaintiff was immediately dizzy, having problems seeing, bleeding and calling for help.

21. Moments later, Defendant O'Brien came into the room.

22. Plaintiff requested the name of the Officer who hit Plaintiff from Defendant O'Brien.

23. Defendant O'Brien did not answer Plaintiff and left the room.

24. Plaintiff was transported from the 111th St. police station to Roseland Hospital.

25. The hospital prescribed Plaintiff painkillers and stitched the wound Plaintiff sustained over his eye.

26. After receiving medical attention, Plaintiff was taken straight to the 71st St. station.

27. Plaintiff received further medical attention at Cermak Hospital.

28. As a result of Defendant O'Brien and Defendant Ford's misconduct, Plaintiff suffered harm that includes, but is not limited to, physical pain and suffering, emotional trauma and distress, and medical expenses.

## COUNT I
### 42 U.S.C. § 1983 - Excessive Force

29. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

30. By slamming Plaintiff's head and face into the wall, Defendant Ford inflicted violence upon Plaintiff that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

31. When inflicting violence upon Plaintiff, Defendant Ford was acting under color of state law.

32. As a result of the excessive force inflicted by Defendant Ford, Plaintiff sustained physical injuries as well as emotional damages and pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Ford for compensatory damages, punitive damages, attorneys' fees, costs, and medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 – Failure to Intervene as to Defendant O'Brien

33. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

34. Defendant O'Brien had a reasonable opportunity to prevent the use of excessive force against Plaintiff and prevent his injuries, but failed to do so.

35. As a result of Defendant O'Brien's failure to intervene, Plaintiff has suffered physical and emotional injuries.

36. Defendant O'Brien's misconduct was objectively unreasonable and undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant O'Brien for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT III
### Indemnity Claim – 745 ILCS 10/9-102 against Defendant City of Chicago

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38. Defendant City of Chicago is the employer of Defendant Ford and Defendant O'Brien.

39. Defendant Ford and Defendant O'Brien committed the act alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

40. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

41. As a proximate cause of Defendant O'Brien and Defendant Ford's unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102 that City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorney's fees and costs awarded, and such other additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

DEMETRIUS POUNCY, JR.
By One of his Attorneys:
s/Mary J. Grieb
Mary J. Grieb
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590