IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS POUNCY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No:   15-cv-1840 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**JOINT STATEMENT PURSUANT TO L.R. 54.3(E)**

Plaintiff Demetrius Pouncy, Jr., by and through his attorney Mary J. Grieb of the Shiller Preyar Law Offices, and Defendants Patrick Ford, Timothy O'Brien, and the City of Chicago, by and through their attorneys of record, Assistant Corporation Counsel Melissa F. Gold and Assistant Corporation Counsel Brendan T. Moore and pursuant to Local Rule 54.3(e), submit the following joint statement relating to attorneys' fees and nontaxable related costs:

**(1) Total Fees and Related Nontaxable Expenses Claimed by the Moving Party**

**Attorney and Paralegal Fees**

| Attorney | Total Hours | Rate | Total Fees |
|---|---|---|---|
| Mary J. Grieb | 234.4 | $350/hour | $82,040 |
| Brendan Shiller | 14.8 | $550 | $8,140 |
| Monica Gonzalez (paralegal) | 9 | $75 | $675 |
| Michelle Puente (paralegal) | 0.9 | $75 | $67.50 |
| Yvonne O'Dell (paralegal) | 3.3 | $75 | $247.50 |

**Total Fees**      **$91,225.00**
**Total nontaxable expenses**      **$2,202.40**

Totals  Fees and nontaxable costs requested:      **$93,427.40**

**(2) Total Amount of Fees and/or Related Nontaxable Expenses that the Respondent Deems Should be Awarded**

It is Defendants' position that under the Prison Litigation Reform Act, found in 42 U.S.C. § 1997e(d)(2), the attorney's fees award in this matter can be no greater than $22,501.50. As the Seventh Circuit has made clear in *Johnson v. Daley*, 339 F.3d 582, 584 (7th Cir. 2003) and its progeny, the maximum amount that a prisoner Plaintiff could receive is 150% of the judgment. Apart from this hard cap on the sum that may be collected for fees, the PLRA also provides that no award of attorney's fees shall be based on an hourly rate greater than 150 percent of the hourly rate established in 18 U.S.C. § 3006A for payment of court-appointed counsel, which Plaintiff's counsel is here.

Even without the application of the Prison Litigation Reform Act, Defendants maintain objections to that nature of billing entries, time associated with billing entries, and associated hourly rates.

Defendants contest Mary Grieb's rate of $350/hour and Brendan Shiller's rate of $550/hour. Defendants assert that Mary Grieb's rate should be $225/hour and Brendan Shiller's rate should be removed because he was not appointed in this matter or in the alternative reduced to $385/hour based upon previously awarded fee in *Cavada v. City of Chicago,* No. 13 CV 1916, 2014 WL 4124273, at *4 (N.D. Ill. Aug. 18, 2014). Thus, if the Prison Litigation Reform Act does not control and Defendants' objections are sustained in full, Defendants would argue that reasonable attorney's fees in the above captioned matter can be no greater than $37,132.50.

In regards to related nontaxable expenses, Defendants have filed with the Court Objections to Plaintiff's Bill of Costs, specifically the request for reimbursement for printing and exemplification in the amount of $234.00. (*See* Docket No. 70). Plaintiff's above listed total nontaxable expenses is now listed at $2,202.40. This amount is $986.70 more than Plaintiff's Bill of Costs filed on July 15, 2016 which had a listed total of $1,215.70. (*See* Docket No. 68). Defendants therefore object to any claim for reimbursement as to the difference of $986.70.

**(3) Description of Each Specific Dispute(s) remaining between the parties as to the fees or expenses**

(a) Whether the Prison Litigation Reform Act, found in 42 U.S.C. § 1997e(d)(2), controls the award of attorney's fees in this matter.

(b) Defendants' filed objections to Plaintiff's Bill of Costs on July 29, 2016. (Docket No. 70).

(c) The reasonable hourly rate(s) for Mary Grieb and/or Brendan Shiller (if applicable), including whether or not the requested hourly rate(s) for Mary Grieb and/or Brendan Shiller (if he is even entitled to recover any fees) are reasonable in light of their experience, including their experience at the time the fees were incurred, and fees that they – or appropriate comparators – have been awarded or claimed in other cases.

    (d)    Whether the time and nature of billings by Plaintiff's Counsel is subject to objection, including but not limited to: vague, insufficient documentation, excessive, redundant, unnecessary, administrative or better suited for support staff, internal, and duplicative.

    (e)    Defendants object to any claim for reimbursement as to the difference in amount between Plaintiff's Submitted Bill of Costs and the above listed total nontaxable expenses.

**(4) A Statement Disclosing –**

    (A) The motion for fees in this case will be based on a judgment. (Docket No. 66).

    (B) The respondent has not taken an appeal.

Respectfully submitted,

s/Mary J. Grieb
Mary J. Grieb
One of Plaintiff's Attorneys
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590

CERTIFICATE OF SERVICE

I, Mary J. Grieb, hereby certify that a copy of the foregoing was served upon all opposing counsel via the CM/ECF email system.

Respectfully submitted,

s/Mary J. Grieb
Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590