IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS POUNCY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 15-cv-1840 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, DETECTIVE TIMOTHY J. O'BRIEN, Star # 20143, and Patrick Ford, Star No. 21029, | ) ) ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**PLAINTIFF'S MOTION TO SUPPLEMENT PLAINTIFF'S PETITION AND MEMORANDUM OF LAW IN SUPPORT OF SECTION 1988 ATTORNEY FEES AND COSTS AND FOR SANCTIONS**

NOW COMES Plaintiff, DEMETRIUS POUNCY JR. by and through his attorneys, Mary J. Grieb of The Shiller Preyar Law Offices, and hereby moves this Court to supplement Plaintiff's petition and memorandum of law in support of Section 1988 attorney fees and costs and for sanctions. In support, Plaintiff states as follows:

1. On September 13, 2016, Plaintiff filed a motion for leave to file a petition and memorandum of law in support of Section 1988 attorneys' fees and costs and sanctions, in excess of fifteen pages, *instanter*. Dkt. 72. Plaintiff attached the petition, supporting memorandum of law, and the petition's exhibits to the motion. See Dkt. 72-1 through 72-24. Defendants filed a response. Dkt. 74.

2. At the motion hearing on September 20, 2016, this Court took Plaintiff's motion under advisement and issued a docket entry stating that the court will "either issue a ruling by mail with further guidance for the parties or set the matter for status hearing and an oral ruling." Dkt. 75.

1

3. Plaintiff waited to file the instant motion until this Court set a status hearing, but, as this Court has not yet set a status hearing, is filing the instant motion and will notice it for the appropriate motion call.

4. Plaintiff respectfully asks this Court to supplement Plaintiff's petition for attorneys fees and costs and for sanctions with a) retainer agreements reflecting attorneys Mary Grieb's and Brendan Shiller's hourly rates and b) Plaintiff's attorneys' fees incurred in litigating the fee petition.

5. As to the first matter, the undersigned finalized the fee petition and supporting exhibits while attorney Shiller was out of town. Shiller is the managing partner at Shiller Preyar Law Offices and is more familiar than the undersigned with the firm's fee agreements with clients.

6. The retainer agreements attached to this motion and labeled as Exhibit Y reflect the hourly rates of Shiller and Grieb. See attached Exhibit 1. Of particular relevance to Grieb's rate of $350/hour are the following:

   a. Carolyn Bayhnam and Michilla Blaise and Nicholas Smith agreed to an hourly rate of $600 for election law work done by the partners, and $350 for work done by Mary Grieb and Chris Bergin and $250 for work done by other associates. (Ex Y, p 015 and 021).

7. An attorney's "actual billing rate for comparable work is presumptively appropriate for use as a market rate. . .." *Jeffboat, LLC v. Director, Off. Of Workers' Comp. Progs.*, 553 F.3d 487, 490 (7th Cir. 2009). Because the market supports a rate of $350 per hour for attorney Grieb in similar litigation, the court should allow that rate here.

8. The undersigned was either not aware of or did not remember the attached retainer agreements at the time of filing the fee petition and was made aware of them by Shiller on September 15, 2016.

9. One of the hotly contested issues in the fee litigation are Grieb and Shiller's hourly rates. To that end, Plaintiff attached several retainer agreements and invoices to the fee petition as Exhibit P (See Dkt. 72-17). The supplemental retainer agreements attached to the instant motion provide further support for Grieb's rate. Plaintiff requests that this Court consider them.

10. Second, Plaintiff asks this Court to supplement his fee petition with those attorneys fees incurred after Plaintiff accepted the offer of judgment, including work Plaintiff's attorney did during the LR 54.3 process and in researching and drafting the fee petition itself.

11. Plaintiff attaches his supplemental fees in the amount of $21,280.00 to the instant motion. See Exhibit 2.

12. The general rule, across at least six circuits, is that a prevailing party is entitled to fees for reasonable effort put forth in securing the fees for the underlying substantive claim. *See Bond v. Stenton*, 630 F.2d 1231, 1235 (7th Cir. 1980); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47 (3d Cir. 1978); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *Johnson v. Missouri*, 606 F.2d 635 (5th Cir. 1979). Here, Plaintiff is entitled to fees for time expended litigating the fee petition.

13. Indeed, the Seventh Circuit has held that a prevailing party is entitled to these fees "almost as a matter of course." *Bond v. Stanton*, 630 F.2d 1231, 1233 (7th Cir. 1980). Additionally, a prevailing plaintiff is entitled to an award of fees for time spent litigating the §1988 fee award. *Id.* at 1235. A plaintiff that moves for fees pursuant to §1988 and

receives fees as a result of that fee petition is entitled to fees for the time spent pursuing those fees—even if they did not receive all that they request. *See e.g. Nanetti v. University of Illinois at Chicago*, 944 F.2d 1416 (7th Cir. 1991); and *see e.g. Ustrak v. Fairman*, 815 F.2d 983 (7th Cir. 1988).

14. In *Morjal v. City of Chicago*, the Seventh Circuit recently affirmed an award of attorney's fees for time spent in litigating a fee petition after Plaintiff accepted a similar rule 68 offer of judgment to the one at issue here. There, the court held that "the defendants' arbitrary, improper challenges failed to comply with their obligation to 'allow judgment to be taken against them' for reasonable attorneys' fees, and therefore were not subject to the limitations on fees in that agreement. The court could properly award fees for those litigation costs under Section 1988." *Morjal v. City of Chicago*, 774 F. 3d 419, 423 (7th. Cir. 2014) (citing *Sanchez v. Prudential Plaza, Inc.*, 709 F. 3d 689, 692 (7th Cir. 2013).

15. Plaintiff's counsel spent over 55 hours fighting for fees; fees which Defendants agreed to pay and knew they owed, pursuant to Section 1988 and their own offer of judgment.

16. Thus, Plaintiff also asks that this Court award him supplemental fees in addition to the attorneys' fees sought in Plaintiff's petition for attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court allow the supplemental exhibits attached hereto in support of Plaintiff's petition for attorneys fees and costs and sanctions, and for any other and additional relief that this Court deems equitable and just.

Respectfully submitted,

s/ Mary J. Grieb
Mary J. Grieb
Attorney for Plaintiff
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590

**CERTIFICATE OF SERVICE**

      I, Mary J. Grieb, hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF system to the attorneys of record.

Respectfully submitted,

s/ Mary J. Grieb
Mary J. Grieb
Attorney for Plaintiff
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590