EXHIBIT Y

# SHILLER PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
(p) 312-226-4590    (f) 773-346-1221

### Retainer Agreement

1.  **The Shiller Preyar Law Offices** (herein "attorneys") agree to represent
    Ayande Andrews (herein "Client") in the criminal charges currently pending in the
    Circuit Court of Cook County.

2.  **Client,** acknowledges that both Brendan Shiller and April Preyar charge $500 an hour
    for work on criminal cases. Client acknowledges that the attorneys anticipate that it will
    take approximately 50 hours to defend these criminal charges. In the interest of fairness
    and efficiency, Client agrees to pay a flat fee of $5,000 for all anticipated work on the
    criminal case, as a non-refundable classic retainer. This initial retainer fee includes filing
    an appearance, attending the preliminary hearing, filing a motion for discovery, an
    answer to discovery, sending out subpoenas, attending the arraignment, and court dates,
    and negotiating a plea. Because it appears that there is a legitimate civil rights claim for
    excessive force, Shiller Preyar agrees to forebear collecting $3,000 of the fee, and will
    instead apply a lien against any potential civil rights case.

3.  **Client** understands that if for any reason Attorneys are not available to attend a court
    date due to a scheduling conflict, trial in another court, etc., Attorneys will send an
    associate from Shiller Preyar Law Offices or another competent attorney in their stead to
    appear at said court date.  The substitute attorney will not represent **Client** on any
    substantive matters such as motion or trial and will not represent **Client** further after said
    date.

4.  **Client** agrees to cooperate fully in the litigation and/or settlement of the case.

5.  **Client** understands this Agreement does not cover any appellate work.

6.  If any disagreement arises, the attorney may withdraw from the case with 10 days
    notice.

7.  The **Client** may fire the attorney at any time.

_____  5/17/14
Brendan Shiller          Date

_____  5/17/14
Client                   Date

Doritha McCoy
Client's mother

**001**

# SHILLER PREYAR LAW OFFICES

601 S. California Avenue
Chicago, IL 60612
(p) 312-226-4590    (f) 773-346-1221

**Retainer Agreement**

1. **The Shiller Preyar Law Offices** (herein "attorneys") agree to represent ████████ (herein "Client") in the criminal charges of delivery of a controlled substance, currently pending in the Circuit Court of Cook County .

2. **Client,** agrees to pay $550 an hour for work done by partners Brendan Shiller and April Preyar and $350 an hour for associates for work done on his cases. **Client** acknowledges that it will take approximately 40 hours to defend these criminal charges., **Client** agrees to pay an initial non-refundable classic retainer of $7,500.00 for all anticipated pre-trial work on the criminal case. Should the case not come to a resolution before trial **Client** agrees to pay an additional non-refundable classic retainer of $2,500.00 for trial work performed by attorneys. This contract does not include any appellate representation.

3. **Client** has paid $1,000.00. Client will pay $500 on the first of the month beginning October 1, 2016 until the balance of the initial non-refundable classic retainer is paid off.

4. **Client** understands that if for any reason Attorneys are not available to attend a court date due to a scheduling conflict, trial in another court, etc., Attorneys will send an associate from Shiller Preyar Law Offices or another competent attorney in their stead to appear at said court date.  The substitute attorney will not represent **Client** on any substantive matters such as motion or trial and will not represent **Client** further after said date.

5. **Client** agrees to cooperate fully in the litigation and/or settlement of the case.

6. **Client** understands this Agreement does not cover any appellate work.

7. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.

8. The **Client** may fire the attorney at any time.

_____  9-12-15
Brendan Shiller          Date                              Client                    Date

_____
Admin          Date

**002**

**THE SHILLER PREYAR LAW OFFICES**
**601 S. California**
**Chicago, Illinois 60612**
**(P) 312-226-4590 (F) 773-346-1221**

## LEGAL REPRESENTATION & RETAINER AGREEMENT

### PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY PRIOR TO SIGNING

Dear Representative of 1600 Elston Properties,

Thank you for allowing our firm the opportunity to address your legal needs. This letter will confirm our conversation regarding this firm's representation of you in connection with all legal aspects pertaining to your need for a special use permit

As previously discussed, your full cooperation is required to assist you with your case. As such, we respectfully request that you timely keep us informed of all matters affecting this case, and respond to our request for information or documents without delay. We also would like to ask you not to discuss this matter or sign or disclose any document pertaining to this matter without first consulting with us. In the event you are contacted by anyone regarding this matter, please tell the person only that you may not discuss this matter and direct him or her to contact our firm.

Additionally, do not allow the aggressive manner in which we handle your case give you a false sense of security. There are a number of aspects that are beyond the control of this firm, such as lack of recollection, lost evidence, witness testimony, and the rulings of judges that might adversely affect your case. While we cannot speculate on such factors or guarantee success, we will make every effort to optimize your outcome and meet your goals, under the following terms and conditions:

(1)     You agreed to employ this law firm to serve as your attorneys and to advise you regarding the above-referenced matter. Please note, any legal issues, such as additional counter claims, third party claims, administrative or criminal hearing might result in additional costs and fees.

(2)     You have been advised that we will use our best efforts on your behalf, will complete work on this matter as quickly as possible, and will represent your interests to the best of our ability. However, please be advised that in the event that you are unsatisfied with our services, you may fire the Shiller Preyar Law Offices at any time. In addition, should any disagreement arise, the Shiller Preyar Law Offices reserves the right to withdraw from the case with 10 days notice.

(3)     We have made no warranties or guaranties as to the successful outcome of this matter and any expressions made by us relative to the nature of this matter are matters of our opinion only. This agreement shall not include any matters pertaining to any and all judgment enforcement issues or other third-party matters. All attorneys' fees, court costs, and other expenses will be due and payable regardless of the final outcome of your case.

(4)     You have given us power and authority to execute all documents connected with this matter including pleadings, contracts, settlement agreements, verifications, and other documents necessary to pursue this matter, subject to your approval.

Initials ____

**003**

(5)     You have agreed that the fees charged for the firm's services shall be on an hourly basis, based on six minute increments. The legal fees charged for services including office conferences, correspondence, telephone conversations, research, document preparation, progress notes, and other necessary services shall be charged at the respective attorney's hourly rates in effect at the time the services are rendered. SHILLER PREYAR HAS AGREED TO REDUCE ITS NORMAL ATTORNEY HOURLY RATES BY 50%. The current hourly rate schedule are as follows:

| | | |
|---|---|---|
| Firm Partners: | Five Hundred Dollars | ($500.00) |
| Firm Associates: | Three Hundred Fifty Dollars | ($300.00) |
| Paralegal Services: | One Hundred Twenty Five Dollars | ($125.00) |
| Clerical Services: | Seventy Five Dollars | ($75.00) |

        In addition you have agreed that any expenses incurred by the firm directly attributable to the firm's representation of you, including but not limited to, court costs, all filing fees, service fees, witness fees, court reporter fees, in-house costs and travel expenses, photocopying, messenger and air express charges, long distance telephone charges, use of the fax equipment, and other expenses incurred on your behalf will be charged to you in addition to the fees for services.

(6)     You have agreed to pay **Five Thousand Dollars** ($5000.00) upon retaining the Shiller Preyar Law Offices. You have further agreed to maintain a credit balance of **two thousand dollars** ($2,000.00) which will be applied toward our fees and costs incurred throughout the course of litigation in your matter. In the event that you fail to maintain the requisite credit balance referred to herein, the firm reserves the right to withdraw from the representation of you in this matter, reserving all remedies available to the firm. If there is no litigation being simply presenting your case to the ZBA, then the total flat fee will be $5,000. This is not a contingent fee, and this does not include any costs or experts.

(7)     You further agree that we may employ an associate or outside counsel to represent you at our discretion, and that any attorney so employed may be designated to undertake your representation at which time he or she will be covered under this agreement. You understand that we may also need to employ experts, which will be at your expense.

(8)     This agreement constitutes the entire agreement and understanding between the firm and you regarding this matter.

(9)     This fee agreement has been based on our discussions relating to your case and your representations regarding the facts of this matter. If circumstances ultimately differ from those we have contemplated, an adjustment may have to be made in the fee arrangements. Furthermore, in the event we feel that any representation you made to us is disingenuous, incomplete, or should we discover facts that adversely affect the validity of your claim, or should you refuse a reasonable settlement agreement, we reserve the right to withdraw from your case, at which time all fees and costs expended on your behalf to the date of withdrawal shall be due.

(10)    If you have asked this office to intervene on your behalf in this lawsuit, and substitute for your previous attorney or your pro se representation, you have been advised that we have agreed to undertake to represent you, but the fact that the case has progressed to this level may affect choices in the manner in which this case could be litigated.  We have undertaken to represent you under these conditions based on your understanding that this office cannot be held responsible for the outcome of this litigation and your understanding that this office will use its best efforts on your behalf.  No other assurances regarding the outcome can be made.

- 2 -

Initials ____
**004**

(11) You also agree that it is your contractual obligation to keep us advised of your current address, and that failure to do so as evidenced by an unclaimed certified letter at your given address may be deemed a breach of this contract and a certified letter to this address shall be considered by any court of competent jurisdiction as sufficient notice for any purpose, including a notice of motion to withdraw as your attorney. If a court of competent jurisdiction rules that any one or more of this agreement's provisions are invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any of this agreement's other provisions, and this agreement shall be construed as if it had never contained such invalid, illegal or unenforceable provision.

If the aforesaid conditions meet with your approval, please sign the enclosed copy of this letter and return it to us with the retainer. As soon as we have received the signed copy of this letter and the retainer, we will immediately begin work on your behalf in this matter. Should you have any additional questions about what we talked about or the information in this letter, please do not hesitate to ask. We will maintain your file in our office for review, and unless otherwise requested by you in writing, we will dispose of the file after the statutory period.

We thank you for the opportunity to assist you with your legal needs, and we look forward to working with you to address this matter.

Sincerely,
Brendan Shiller

The undersigned acknowledges receipt of a copy of this Contract and hereby agrees to the terms stated:

PRESIDENT ______ ORESTES GARCIÁ
**Client (signature)** **Client (print name)**

[redacted]

[redacted] ______ [redacted]

[redacted] Soc. Sec No.: ______

# SHILLER PREYAR LAW OFFICES

### 4554 NORTH BROADWAY SUITE 325  CHICAGO, ILLINOIS 60640
### 36 S. WABASH, SUITE 1310, CHICAGO, ILLINOIS 60603
### Phone (773) 907-0940   Fax: (773) 409-5827

---

### Retainer Agreement

1. **Brendan Shiller and April Preyar (herein "attorneys")** agree to represent _Thomas Hodges_ (herein "Client") in the criminal case no. ~~_____~~ , based on the events alleged to have transpired on _1/17/2010_ .

2. **Client**, acknowledges that both Brendan Shiller and April Preyar charge $450 an hour for work on DUI cases and summary suspension petitions. Client acknowledges that the attorneys anticipate that it will take approximately 20 hours to defend both his criminal charges and pursue the summary suspension petition. In the interest of fairness and efficiency, Clint agrees to pay a flat fee of $9,000.00 for all anticipated work on the criminal DUI charges and the summary suspension.

3. To date, ~~_____~~ _2/1/10_ _____ has paid a total of $ _9000_ _____ .

4. **Client** agrees to cooperate fully in the litigation and/or settlement of the case.

5. **Client** understands this Agreement does not cover any appellate work.

6. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.

7. The Client may fire the attorney at any time.


_____
Brendan Shiller          Date

_____  2/1/10
Client                   Date

# The Shiller Preyar Law Offices

1100 W. Cermak Road, Suite B401
Chicago, Illinois 60608

████████████  ████████████████████████████████████████

### Federal Criminal Case Retainer Agreement

1. **The Shiller Preyar Law Offices** agrees to represent ████████████ in the federal criminal case located in the Northern District of Illinois, case number has not yet been assigned.

2. ████████████ is the client, and will be acknowledged as so throughout this rest of this agreement.

3. **CLIENT,** understands and acknowledges that Federal Criminal Defense is a highly specialized area of law and that The SHILLER PREYAR Law Offices generally charge an hourly rate of $450 for defending Federal Criminal cases.

4. **CLIENT** and understands that it is anticipated that the work in the above case will take about 200 hours. Consequently **CLIENT** agrees to pay **$30,000.00** as a non-refundable classic retainer.

5. **CLIENT** has already paid **$5,000.**

6. The **CLIENT** will pay the remaining **$25,000.00** in the following manner:

   Client agrees to pay $1,000 a month by the 20th of the month until the balance is satisfied. SQC initials

7. **CLIENT** acknowledges that the non-refundable retainer described in paragraph 4 covers attorneys fees for just the criminal defense. Client acknowledges that any additional costs of the defense, such as (by way of example only) transcripts, investigator, experts, etc. are to be paid by client out-of-pocket.

8. **CLIENT** acknowledges that The Shiller Preyar Law Offices has multiple attorneys and that from time to time anyone of those attorneys may do some of the work on Client's case. In addition, Client acknowledges that if The Shiller Preyar Law Offices determines in its professional judgment that a lawyer outside of Shiller Preyar may be better suited to provide certain legal services, than a portion of the non-refundable retainer may be used to contract with attorneys outside of the firm.

9. **CLIENT** further acknowledges that many Federal Criminal Cases have a forfeiture component. Client understands that if there is a forfeiture allegation that is part of the indictment or information in their criminal case, than it is part of Shiller Preyar's covenant with Client to defend against that forfeiture allegation. Any civil or administrative forfeiture action, however, that arises out of the criminal conduct charged is a separate case and is not covered by this retainer agreement. Absent an express addition to this contract, an addendum, or a separate contract, Shiller Preyar does agree to do any work on the civil or administrative forfeiture without a separate agreement.

10. **CLIENT** agrees to cooperate fully in the litigation and/or settlement of the case.

11. **CLIENT** understands this Agreement does not cover any appellate work.

12. **CLIENT** further acknowledges that no promises have been about the ultimate result disposition of his/her criminal case or sentencing.

13. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.

14. The **CLIENT** may fire the attorney at any time.

_____  10/13/11
Attorney          Date

_____  10/13/11
Client            Date

# THE SHILLER*PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

### Retainer Agreement

1. **Shiller*Preyar** agrees to represent **the Fireplace Inn** in their pending civil case against defense against the City of Chicago. This agreement pertains solely to the administrative hearing related to the pending violation regarding its liquor license

2. **Client**, understands that SHILLER*PREYAR charges an hourly rate of $500 for commercial litigation. CLIENT agrees to pay **$2,500 a**s a non-refundable classic retainer.

3. **CLIENT** agrees to cooperate fully in the litigation and/or settlement of the case.

4. **CLIENT** understands this Agreement does not cover any appellate work.

5. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.

6. The Client may fire the attorney at any time.

_____  2/5/13                    _____  2/15/13
Attorney          Date                      Client            Date

**009**

**THE SHILLER PREYAR LAW OFFICES**
**1100 West Cermak Road, Suite B401**
**Chicago, Illinois 60608**
**(P) 312-226-4590 (F) 773-346-1221**

## LEGAL REPRESENTATION & RETAINER AGREEMENT

RE: Rose World Wide, Inc.

## PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY PRIOR TO SIGNING

Dear Howard Labkon:

Thank you for allowing our firm the opportunity to address your legal needs. This letter will confirm our conversation regarding this firm's representation of you in connection with all legal aspects pertaining to your legal concerns regarding certain environmental issues, contractual issues and any other legal issues that you may wish to use our services.

As previously discussed, your full cooperation is required in order for us to effectively assist you with your legal needs. Additionally, do not allow the aggressive manner in which we handle your case give you a false sense of security. We will make every effort to optimize your outcome and meet your goals, under the following terms and conditions:

(1) You agreed to employ this law firm to serve as your attorneys and to advise you regarding the above-referenced matter. You are authorized to make this agreement on behalf of **Rose World Wide, Inc.**

(2) You have been advised that we will use our best efforts on your behalf and will represent your interests to the best of our ability. However, please be advised that in the event that you are unsatisfied with our services, you may fire the Shiller Preyar Law Offices at any time. In addition, should any disagreement arise, the Shiller Preyar Law Offices reserves the right to withdraw from representation within 10 days notice.

(3) The Shiller Preyar Law Offices have made no warranties or guaranties. All attorneys' fees, court costs, and other expenses will be due and payable regardless of the final outcome of your legal matters.

(4) You have given us power and authority to execute all documents connected with any matter for which our services are needed.

(5) You have agreed that the fees charged for the firm's services shall be on an hourly basis, based on six minute increments. The legal fees charged for services including office conferences, correspondence, telephone conversations, research, document preparation, progress notes, and other necessary services shall be charged at the respective attorney's hourly rates in effect at the time the services are rendered. The current hourly rate schedule will be billed as follows:

| | | |
|---|---|---|
| Firm Partners: | Six Hundred Dollars | ($600.00) |
| Firm Associates: | Three Hundred Fifty Dollars | ($350.00) |
| Paralegal Services: | One Hundred Twenty Five Dollars | ($125.00) |
| Clerical Services: | Seventy Five Dollars | ($75.00) |

- 1 -

010

In addition you have agreed that any expenses incurred by the firm directly attributable to the firm's representation of you, including but not limited to, court costs, all filing fees, service fees, witness fees, court reporter fees, in-house costs and travel expenses, photocopying, messenger and air express charges, long distance telephone charges, use of the fax equipment, and other expenses incurred on your behalf will be charged to you in addition to the fees for services. A monthly statement will be issued for services rendered and costs incurred to date. You have agreed to pay all amounts shown due to this firm within twenty-one days after receipt of the statement, or the firm reserves the right to withdraw from the representation of you in this matter, reserving all remedies available to the firm.

(6)     You have been advised that we may employ an associate or outside counsel to represent you at our discretion, and that any attorney so employed may be designated to undertake your representation at which time he or she will be covered under this agreement.

(7)     This agreement constitutes the entire agreement and understanding between the firm and you regarding this matter.

(8)     This fee agreement has been based on our discussions relating to your case and your representations regarding the facts of this matter. If circumstances ultimately differ from those we have contemplated, an adjustment may have to be made in the fee arrangements. Furthermore, in the event we feel that any representation you made to us is disingenuous, incomplete, or should we discover facts that adversely affect the validity of your claim, or should you refuse a reasonable settlement agreement, we reserve the right to withdraw from your case, at which time all fees and costs expended on your behalf to the date of withdrawal shall be due.

        If the aforesaid conditions meet with your approval, please sign the enclosed copy of this letter and return it to us with the retainer. As soon as we have received the signed copy of this letter and the retainer, we will immediately begin work on your behalf in this matter. Should you have any additional questions about what we talked about or the information in this letter, please do not hesitate to ask. We will maintain your file in our office for review, and unless otherwise requested by you in writing, we will dispose of the file after the statutory period. We thank you for the opportunity to assist you with your legal needs, and we look forward to working with you to address this matter.

Sincerely,
Brendan Shiller

The undersigned acknowledges receipt of a copy of this Contract and hereby agrees to the terms stated:


_____                    HOWARD LARKIN .
**Client (signature)**                        **Client (print name)**


Current Address:

_____  el. No.:          _____

Initials

011

**THE SHILLER PREYAR LAW OFFICES**
**1100 West Cermak Road, Suite B401**
**Chicago, Illinois 60608**
**(P) 312-226-4590 (F) 773-346-1221**

## LEGAL REPRESENTATION & RETAINER AGREEMENT

### PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY PRIOR TO SIGNING

Dear Mar Kay Bonoma and Sam Toia,

Thank you for allowing our firm the opportunity to address the legal needs of the Illinois Restaurant Association. This letter will confirm our conversation regarding this firm's representation of the Illinois Restaurant Association in connection with all legal aspects pertaining to the drafting of an amendment to the Food Handler's Ordinance for the City of Chicago.

As previously discussed, your full cooperation is required to assist you with your case. As such, we respectfully request that you timely keep us informed of all matters affecting this case, and respond to our request for information or documents without delay. We also would like to ask you not to discuss this matter or sign or disclose any document pertaining to this matter without first consulting with us. In the event you are contacted by anyone regarding this matter, please tell the person only that you may not discuss this matter and direct him or her to contact our firm.

Additionally, do not allow the aggressive manner in which we handle your case give you a false sense of security. While we cannot guarantee success, we will make every effort to optimize your outcome and meet your goals, under the following terms and conditions:

(1)     You agreed to employ this law firm to serve as your attorneys and to advise you regarding the above-referenced matter.

(2)     You have been advised that we will use our best efforts on your behalf, will complete work on this matter as quickly as possible, and will represent your interests to the best of our ability. However, please be advised that in the event that you are unsatisfied with our services, you may fire the Shiller Preyar Law Offices at any time. In addition, should any disagreement arise, the Shiller Preyar Law Offices reserves the right to withdraw from the case with 10 days notice.

(3)     We have made no warranties or guaranties as to the successful outcome of this matter and any expressions made by us relative to the nature of this matter are matters of our opinion only.  .  All attorneys' fees, court costs, and other expenses will be due and payable regardless of the final outcome of your case.

(4)     You have given us power and authority to execute all documents connected with this matter subject to your approval.

(5)     You have been advised and you understand and agree that because of the nature of the work to be performed, and the possibility of unforeseen circumstances, this law firm is not in a position to quote a final and specific fee for legal services not yet rendered.  You have agreed that the fees charged for the

Initials ____
**012**

firm's services shall be on an hourly basis, based on one-tenth increments. The legal fees charged for services including office conferences, correspondence, telephone conversations, research, document preparation, progress notes, and other necessary services shall be charged at the respective attorney's hourly rates in effect at the time the services are rendered. At the present time our hourly rate for your matter is **five hundred dollars**. In addition you have agreed that any expenses incurred by the firm directly attributable to the firm's representation of you, including but not limited to, court costs, all filing fees, service fees, witness fees, court reporter fees, in-house costs and travel expenses, photocopying, messenger and air express charges, long distance telephone charges, use of the fax equipment, and other expenses incurred on your behalf will be charged to you in addition to the fees for services. A monthly statement will be issued for services rendered and costs incurred to date. You have agreed to pay all amounts shown due to this firm within twenty-one days after receipt of the statement, or the firm reserves the right to withdraw from the representation of you in this matter, reserving all remedies available to the firm.

(6)     You further agree that we may employ an associate or outside counsel to represent you at our discretion, and that any attorney so employed may be designated to undertake your representation at which time he or she will be covered under this agreement.

(8)     This agreement constitutes the entire agreement and understanding between the firm and you regarding this matter.

(9)     This fee agreement has been based on our discussions relating to your case and your representations regarding the facts of this matter. If circumstances ultimately differ from those we have contemplated, an adjustment may have to be made in the fee arrangements. Furthermore, in the event we feel that any representation you made to us is disingenuous, incomplete, or should we discover facts that adversely affect the validity of your claim, or should you refuse a reasonable settlement agreement, we reserve the right to withdraw from your case, at which time all fees and costs expended on your behalf to the date of withdrawal shall be due.

(10)   You also agree that it is your contractual obligation to keep us advised of your current address, and that failure to do so as evidenced by an unclaimed certified letter at your given address may be deemed a breach of this contract and a certified letter to this address shall be considered by any court of competent jurisdiction as sufficient notice for any purpose, including a notice of motion to withdraw as your attorney. If a court of competent jurisdiction rules that any one or more of this agreement's provisions are invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any of this agreement's other provisions, and this agreement shall be construed as if it had never contained such invalid, illegal or unenforceable provision.

        Please note, unless otherwise indicated to you in writing, you are responsible for any and all obligations that you may have to any third party. While we will try to resolve this issue as quickly as possible via settlement or suit, any applicable obligations to make timely payments will not be suspended because of this pending claim, unless otherwise indicated to you in writing. Should you fail to make the necessary payment, you could be subject to negative credit reporting, collection agencies, or other lawsuits. If applicable, your final accounting shall include all known unpaid claims to third parties. In the event you do not provide us with such information, or the information presented is incorrect, you might incur out of pocket expenses after the conclusion of this matter, to address any outstanding debt.

Initials ____
**013**

If the aforesaid conditions meet with your approval, please sign the enclosed copy of this letter and return it to us with the retainer. As soon as we have received the signed copy of this letter and the retainer, we will immediately begin work on your behalf in this matter. Should you have any additional questions about what we talked about or the information in this letter, please do not hesitate to ask. We will maintain your file in our office for review, and unless otherwise requested by you in writing, we will dispose of the file after the statutory period. We thank you for the opportunity to assist you with your legal needs, and we look forward to working with you to address this matter.

Sincerely,
Brendan Shiller

The undersigned acknowledges receipt of a copy of this Contract and hereby agrees to the terms stated:

_____     _Sam Toia_____

**Client (signature)**                   **Client (print name)**

Current Address:

_____   Tel. No.:   _____

_____   SS /FEIN No.:   _____

Initials ____
**014**

# THE SHILLER PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

### Retainer Agreement

1. **Shiller Preyar** agrees to represent **Carolyn Bayhnam and Michilla Blaise** in their objection to the candidacy of Nicole Patton for the Gordon Vacancy on the Illinois Appellate Court. It is understood that the political committee that is supporting Fredrenna Lyle for her judicial candidacy in the 2014 election will be responsible for payment for this legal work, and that Judge Lyle will sign this agreement on its behalf.
2. **"Client"** will refer to the political committee going forward and not the actual objectors.
3. **Client**, understands that SHILLER PREYAR charges an hourly rate of $600 for election law work done by the partners, and $350 for work done by Mary Grieb and Chris Bergin and $250 for work done by other associates
4. **Client** understands that this work will be billed in one-tenth hour increments.
5. **Client** understands that because of the nature of election law work, any records examination will require at least one attorney to be present during this time. Shiller Preyar has assured client that this time spent during a records exam by a lawyer will be billed out at $250 an hour however.
6. **Client** understands that Shiller Preyar will contract out with the other records exam objectors at a reasonable rate of somewhere between 10 to 15 an hour and that those individual or individuals will bill the campaign separately.
7. **Client** will be billed immediately upon completion of the objection, and payment will be expected immediately. This agreement does not cover any appeal to the Circuit Court or any other higher court.
8. **Client** understands that all costs will be billed separately, and that this includes, but is not limited to: copying of papers, transportation, parking, lunches for the objectors during the records exam, any other personnel costs for the records exam or investigations.
9. **Client** agrees to cooperate fully in the litigation and/or settlement of the case.
10. **Client** acknowledges that no promises have been made as to the likelihood of success in the challenge to Patton's candidacy.
11. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.
12. The Client may fire the attorney at any time.
13. Shiller Preyar agrees to keep Client timely notified of all events relating to the challenge.

_____  12-5-13          _____
Attorney                    Date           Client                Date

**015**

# THE SHILLER*PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

### Retainer Agreement

1. **Shiller*Preyar** agrees to represent **Larry Warner** in the civil case regarding his insurance adjuster license

2. **Client,** understands that SHILLER*PREYAR charges an hourly rate of $500 for administrative hearing appeals, and understands that it is anticipated that the work in the above case will take about 3 hours. Consequently CLIENT agrees to pay **$1,500** as a non-refundable classic retainer.

3. **CLIENT** agrees to cooperate fully in the litigation and/or settlement of the case.

4. **CLIENT** understands this Agreement does not cover any appellate work.

5. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.

6. The Client may fire the attorney at any time.

| | |
|---|---|
| _Attorney_    _8/15/12_ | _8/15/12_ |
| Attorney     Date | Client     Date |

**016**

# The Shiller*Preyar Law Offices

January 18, 2013

**1100 W. Cermak Rd.**
**Chicago, IL 60608**
**Tel. (312)226-4590**
**Fax (773)346-1221**

RE:   **LEGAL REPRESENTATION &**
       **RETAINER AGREEMENT**

## PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY PRIOR TO SIGNING

Dear Mr. Bennis,

Thank you for allowing our firm the opportunity to address your legal needs. This letter will confirm our conversation regarding this firm's representation of you in connection with all legal aspects pertaining to your pending civil case against the Attorney General of Illinois. This agreement pertains solely to the vacatur of the current default against Bennis and his corpora ion. Once the current default is vacated, The Shiller Preyar Law Offices will discuss whether it will represent Bennis for the rest of the case.

As previously discussed, your full cooperation is required to assist you with your case. As such, we respectfully request that you timely keep us informed of all matters affecting this case, and respond to our request for information or documents without delay. We also would like to ask you not to discuss this matter or sign or disclose any document pertaining to this matter without first consulting with us. In the event you are contacted by anyone regarding this matter, please tell the person only that you may not discuss this matter and direct him or her to contact our firm.

Additionally, do not allow the aggressive manner in which we handle your case give you a false sense of security. There are a number of aspects that are beyond the control of this firm, such as lack of recollection, lost evidence, witness testimony, and the rulings of judges that might adversely affect your case. While we cannot speculate on such factors or guarantee success, we will make every effort to optimize your outcome and meet your goals, under the following terms and conditions:

(1)     You agreed to employ this law firm to serve as your attorneys and to advise you regarding the above-referenced matter. Please note, any legal issues, such as additional counter claims, third party claims, administrative or criminal hearing might result in additional costs and fees.

(2)     You have been advised that we will use our best efforts on your behalf, will complete work on this matter as quickly as possible, and will represent your interests to the best of our ability. However, please be advised that in the event that you are unsatisfied with our services, you may fire the Shiller Preyar Law Offices at any time. In addition, should any disagreement arise, the Shiller Preyar Law Offices reserves the right to withdraw from the case with 10 days notice.

(3)     We have made no warranties or guaranties as to the successful outcome of this matter and any expressions made by us relative to the nature of this matter are matters of our opinion only. This agreement shall not include any matters pertaining to any and all judgment enforcement issues or other third party matters. All attorneys' fees, court costs, and other expenses will be due and payable regardless of the final outcome of your case.

Initials
**017**

(4)     You have given us power and authority to execute all documents connected with this matter including pleadings, contracts, settlement agreements, verifications, and other documents necessary to pursue this matter, subject to your approval.

(5)     You have been advised and you understand and agree that because of the nature of the work to be performed, and the possibility of unforeseen circumstances, this law firm is not in a position to quote a final and specific fee for legal services not yet rendered.  You have agreed that the fees charged for the firm's services shall be on an hourly basis, based on one-tenth increments.  The legal fees charged for services including office conferences, correspondence, telephone conversations, research, document preparation, progress notes, and other necessary services shall be charged at the respective attorney's hourly rates in effect at the time the services are rendered.  At the present time our hourly rate for your matter is **five hundred dollars**.  In addition you have agreed that any expenses incurred by the firm directly attributable to the firm's representation of you, including but not limited to, court costs, all filing fees, service fees, witness fees, court reporter fees, in-house costs and travel expenses, photocopying, messenger and air express charges, long distance telephone charges, use of the fax equipment, and other expenses incurred on your behalf will be charged to you in addition to the fees for services.  A monthly statement will be issued for services rendered and costs incurred to date. You have agreed to pay all amounts shown due to this firm within twenty-one days after receipt of the statement, or the firm reserves the right to withdraw from the representation of you in this matter, reserving all remedies available to the firm.

(6)     You have agreed to pay a classic retainer of **five thousand dollars**, which will be applied toward our initial fees and costs in this matter. In addition you have agreed to pay an additional **five thousand dollars** once ten hours of work have been completed in order to maintain a credit balance equal to the initial retainer.  Please note, we will deposit this amount in our IOLTA escrow account.  In the event a disbursement is required by us, we will provide you with a written invoice and allow you reasonable time to make any inquiries or notify us of any disputes.  For purpose of clarity, should you wish to address any invoice charges, please provide us with such notice in writing.

(7)     You have been told that our total fee might exceed **ten thousand dollars** if you are forced to fully litigate all matters, but that this amount is merely an approximation and is subject to revision depending on the difficulties encountered and the extent of our involvement in this action.  Please note, should any additional legal matters arise in the future, addressing such matters might result in additional charges provided that we agree to represent you in such capacity.

(8)     You further agree that we may employ an associate or outside counsel to represent you at our discretion, and that any attorney so employed may be designated to undertake your representation at which time he or she will be covered under this agreement.

(9)     This agreement constitutes the entire agreement and understanding between the firm and you regarding this matter.

(10)    This fee agreement has been based on our discussions relating to your case and your representations regarding the facts of this matter.  If circumstances ultimately differ from those we have contemplated, an adjustment may have to be made in the fee arrangements. Furthermore, in the event we feel that any representation you made to us is disingenuous, incomplete, or should we discover facts that adversely affect the validity of your claim, or should you refuse a reasonable settlement agreement, we reserve the right to withdraw from your case, at which time all fees and costs expended on your behalf to the date of withdrawal shall be due.

Initials

**018**

(11)    If you have asked this office to intervene on your behalf in this lawsuit, and substitute for your previous attorney or your pro se representation, you have been advised that we have agreed to undertake to represent you, but the fact that the case has progressed to this level may affect choices in the manner in which this case could be litigated.   We have undertaken to represent you under these conditions based on your understanding that this office cannot be held responsible for the outcome of this litigation and your understanding that this office will use its best efforts on your behalf.  No other assurances regarding the outcome can be made.

(12)    You also agree that it is your contractual obligation to keep us advised of your current address, and that failure to do so as evidenced by an unclaimed certified letter at your given address may be deemed a breach of this contract and a certified letter to this address shall be considered by any court of competent jurisdiction as sufficient notice for any purpose, including a notice of motion to withdraw as your attorney.  If a court of competent jurisdiction rules that any one or more of this agreement's provisions are invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any of this agreement's other provisions, and this agreement shall be construed as if it had never contained such invalid, illegal or unenforceable provision.

        Please note, unless otherwise indicated to you in writing, you are responsible for any and all obligations that you may have to any third party.  While we will try to resolve this issue as quickly as possible via settlement or suit, any applicable obligations to make timely payments will not be suspended because of this pending claim, unless otherwise indicated to you in writing.  Should you fail to make the necessary payment, you could be subject to negative credit reporting, collection agencies, or other lawsuits.  If applicable, your final accounting shall include all known unpaid claims to third parties.  In the event you do not provide us with such information, or the information presented is incorrect, you might incur out of pocket expenses after the conclusion of this matter, to address any outstanding debt.

Lastly, this agreement does not encompass any appellate work, post-judgment or enforcement issues.  However, should you be awarded a judgment, please note that there is no guarantee of the collection or enforcement on your judgment.  While obtaining a judgment can entitle you to recover damages, due to the nature of collection (i.e. foreclosure, bankruptcy, or death) certain judgments may become unenforceable.  Nothing in this agreement shall be considered a guarantee of enforcement of judgment.  We also recommend you seek independent tax advice from a CPA regarding your tax consequences pertaining to judgments, settlements, debt forgiveness, and other matters that may arise.  In the event you cannot timely arrive for a scheduled hearing, deposition, or court date, if any, please contact me in advance to address such matters.  We also advise you to neither provide any information nor documents, nor discuss this case with anyone without first consulting with us.

        If the aforesaid conditions meet with your approval, please sign the enclosed copy of this letter and return it to us with the retainer.  As soon as we have received the signed copy of this letter and the retainer, we will immediately begin work on your behalf in this matter.  Should you have any additional questions about what we talked about or the information in this letter, please do not hesitate to ask.  We will maintain your file in our office for review, and unless otherwise requested by you in writing, we will dispose of the file after the statutory period.   We thank you for the opportunity to assist you with your legal needs, and we look forward to working with you to address this matter.

Sincerely,
Brendan Shiller

Initials

**019**

The undersigned acknowledges receipt of a copy of this Contract and hereby agrees to the terms stated:

_____      Steve Bennis
**Client (signature)**                 **Client (print name)**

Current Address:

███████████████████  el. No.:  ████████████████████
███████████████████  oc. Sec No.:  ████████████████████

Initials ____
**020**

# THE SHILLER PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

**Retainer Agreement**

1. **Shiller Preyar** agrees to represent **Nicholas Smith** in his defense of the objection to the his candidacy for Cook County Commissioner (7th Dist). It is understood that the political committee that is supporting Smith will sign this agreement on his behalf.
2. **"Client"** will refer to the political committee going forward and not the actual objectors.
3. **Client**, understands that SHILLER PREYAR charges an hourly rate of $600 for election law work done by the partners, and $350 for work done by associates Mary Grieb and Chris Bergin and $250 done by all other associates.
4. **Client** understands that this work will be billed in one-tenth hour increments.
5. **Client** understands that because of the nature of election law work, any records examination will require at least one attorney to be present during this time. Shiller Preyar has assured client that this time spent during a records exam by a lawyer will be billed out at $250 an hour however.
6. **Client** understands that Shiller Preyar will contract out with the other records exam objectors at a reasonable rate of somewhere between 10 to 15 an hour and that those individual or individuals will bill the campaign separately.
7. **Client** will be billed immediately upon completion of the objection, and payment will be expected immediately. This agreement does not cover any appeal to the Circuit Court or any other higher court.
8. **Client** understands that all costs will be billed separately, and that this includes, but is not limited to: copying of papers, transportation, parking, lunches for the objectors during the records exam, any other personnel costs for the records exam or investigations.
9. **Client** agrees to cooperate fully in the litigation and/or settlement of the case.
10. **Client** acknowledges that no promises have been made as to the likelihood of success in the challenge to Smith's candidacy.
11. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.
12. The Client may fire the attorney at any time.
13. Shiller Preyar agrees to keep Client timely notified of all events relating to the challenge.

| | | | |
|---|---|---|---|
| *Brendan Shiller* | 12/3/2013 | *Nick Smith* | 12/3/2013 |
| Attorney | Date | Client | Date |

**021**

# THE SHILLER*PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

### Retainer Agreement

1. Shiller*Preyar agrees to represent **Salvatore Toia** in the civil matter regarding the obtaining and negotiating for the job of President of the Illinois Restaurant Association.

2. **Client,** understands that SHILLER*PREYAR normally charges an hourly rate of $450 for this type of work, but that this particular work involves particular political expertise and therefore the charge will be for $500 an hour. The hours for this work will be kept separate from all hours bill to Leona's Pizzeria, Inc. and to Hop Haus, Inc.

3. CLIENT will be billed on a monthly basis, and will pay within one week of billing.

4. The **CLIENT** acknowledges the unique circumstances of the work to be done on this case, and will pay the full amount incurred even if negotiations fall through.

5. CLIENT agrees to pay a refundable retainer of $5,000.

6. CLIENT agrees to cooperate fully in the negotiations and strategizing

7. **CLIENT** understands this Agreement does not cover any consulting and/or legal work once a contract is obtained.

8. If any disagreement arises, the attorney may withdraw from the work with one business day notice.

9. The Client may fire the attorney at any time.

| | |
|---|---|
| _(signature)_ 4/15/12 | _(signature)_ 4-15-12 |
| Attorney          Date | Client          Date |

**022**

# SHILLER PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
(p) 312-226-4590    (f) 773-346-1221

### Retainer Agreement

1. **The Shiller Preyar Law Offices** (herein "attorneys") agree to represent
   ███████ (herein "Client") in the criminal charges of Felony UUW, currently
   pending in Cook County

2. **Client,** acknowledges that both Brendan Shiller and April Preyar charge $450 an hour
   for work on criminal cases. Client acknowledges that the attorneys anticipate that it will
   take approximately 20 hours to defend these criminal charges. In the interest of fairness
   and efficiency, Client agrees to pay an initial fee of $5,000 as a non-refundable classic
   retainer. This initial retainer fee includes filing an appearance, attending the preliminary
   hearing, filing a motion for discovery, an answer to discovery, sending out subpoenas,
   attending the arraignment, and court dates, and negotiating a plea.

3. **If** the case should go to trial, Client will pay an additional $2,500.

4. **Client** also agrees to pay $200 as a refundable fee for any costs in the case.

5. **Client** understands that if for any reason Attorneys are not available to attend a court
   date due to a scheduling conflict, trial in another court, etc., Attorneys will send an
   associate from Shiller Preyar Law Offices or another competent attorney in their stead to
   appear at said court date.  The substitute attorney will not represent **Client** on any
   substantive matters such as motion or trial and will not represent **Client** further after said
   date.

6. **Client** agrees to cooperate fully in the litigation and/or settlement of the case.

7. **Client** understands this Agreement does not cover any appellate work.

8. If any disagreement arises, the attorney may withdraw from the case with 10 days
   notice.

9. The **Client** may fire the attorney at any time.

_____  1/3/13
Brendan Shiller, Attorney        Date

_____  1-3-13
Client                          Date

# THE SHILLER PREYAR LAW OFFICES

1100 West Cermak, Suite B401
Chicago, IL 60608
Phone: 312.226.4590
Fax: 773.346.1221

### Retainer Agreement

1. **Shiller Preyar** agrees to represent **Tiffany Taylor** in all issues related to her incorporation, and operation of *Ameridream Tax Services* and *Taylor Reality Group*.
2. **Client**, understands that SHILLER PREYAR charges an hourly rate of $600 for election law work done by the partners, and $350 for work done by associates Mary Grieb and Chris Bergin and $250 done by all other associates.
3. **Client** understands that this work will be billed in one-tenth hour increments.
4. **Client** understands that all costs will be billed separately, and that this includes, but is not limited to: copying of papers, transportation, parking, lunches for the objectors during the records exam, any other personnel costs for the records exam or investigations.
5. If any disagreement arises, the attorney may withdraw from the case with 10 days notice.
6. The Client may fire the attorney at any time.
7. Shiller Preyar agrees to keep Client timely notified of all events relating to the challenge.

| | |
|---|---|
| _____ 5-3-15 | _____ 5/3/15 |
| Attorney            Date | Client            Date |

**024**